# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CODY LEAVITT,

    *Plaintiff*,

vs.

HAROLD WICKHAM, *et al.,*

    *Defendants*.

2:13-cv-00490-GMN-CWH

ORDER

This reopened prison civil rights action comes before the Court on plaintiff's second application (#8) to proceed *in forma pauperis* and his motion (#7) for a temporary restraining order (TRO). Both motions disregard the Court's prior statements in this case regarding the requirements for seeking the relief requested.

### *Pauper Application*

Plaintiff filed his first pauper application (#1) without attaching either a properly-completed financial certificate or a statement of his inmate trust account for the prior six months.

When the Court denied the first application and initially dismissed the action without prejudice to a properly-commenced new action, it clearly identified the defects in the first application:

> The pauper application is incomplete. Both a financial certificate properly completed and executed by an authorized institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither.

#2, at 1.

1    Plaintiff thereafter filed, *inter alia*, a motion to reopen the case. He attached a copy of
2 a financial certificate for a state court proceeding and a copy of an inmate account statement.
3 He stated in the motion that the attachment "was used in a small claims [case]." #4, at
4 electronic docketing pages 2 & 16-25.

5    The Court granted the motion to reopen in part, out of an abundance of caution. The
6 Court clearly stated that the pauper application was insufficient, that plaintiff must present a
7 properly-completed pauper application for the action to proceed forward, and that the state
8 court materials attached with the motion to reopen were insufficient:

> Plaintiff did not properly commence the action with a properly-completed application to proceed *in forma pauperis*. Plaintiff attached neither a properly-completed financial certificate nor a statement of his inmate trust account for the prior six months, with both being required.
>
> . . . .
>
> Against this backdrop [of a discussion of case law related to plaintiff's substantive claims], the Court is not persuaded that it should waive all procedural requirements in this matter – including the requirement that plaintiff present a properly-completed pauper application – merely because plaintiff is challenging compulsory blood draws by prison officials. . . . . [N]othing in the often conclusory allegations of the complaint establishes persuasively that plaintiff presents such an exigent circumstance that he must be excused from all procedural requirements for pursuing a prisoner federal civil rights action. . . . .
>
> The Court will reopen this improperly-commenced matter rather than requiring that plaintiff properly commence a new action, as a discretionary matter and out of an abundance of caution. For the matter to proceed, however, plaintiff must present a properly-completed pauper application. . . . .
>
> . . . . .
>
> The Court will reopen the matter and provide plaintiff an opportunity to present a properly-completed pauper application. *The financial materials apparently from a prior state court case that plaintiff submitted with the motion to reopen are not sufficient.* Plaintiff does not need a free copy of the local rules to file a properly-completed pauper application, and the Court does not provide litigants free copies of the local rules. The Court's orders in this case and the instructions for the pauper application provides plaintiff the information that he needs.
>
> . . . .

**IT FURTHER IS ORDERED** that plaintiff shall have **thirty (30) days** from entry of this order within which to mail to the Clerk of Court for filing a new and properly-completed application to proceed *in forma pauperis* with all required, and new, financial attachments, *i.e.,* (a) a financial certificate on the required form properly completed and executed by an authorized institutional officer; and (b) a current statement of the plaintiff's inmate trust account for the prior six months. If plaintiff does not timely submit a new pauper application and/or if the new application is not properly completed in all respects, this action will again be dismissed without further advance notice.

#6, at 1, 3-4 & 6 (emphasis added).

Both when the first pauper application was denied and later when the action was reopened, plaintiff was sent copies of the pauper form and instructions. See #2; #6, at 6.

On the pending second pauper application, plaintiff attached the same type of state court financial certificate that the Court clearly has stated is not sufficient. Plaintiff further did not attach a copy of his inmate trust account statement for the prior six months, despite multiple statements by the Court that he must do so. Over and above the multiple instructions given in this particular case, plaintiff, a frequent litigant in this District,[1] clearly has demonstrated his ability previously to attach the proper financial materials to a pauper application.[2] Moreover, to file a federal pauper application with an improper state financial certificate, the inmate must affirmatively *remove* the proper federal financial certificate that is supplied in the federal pauper form and substitute the improper state form.

Again, as discussed in the prior order, the taking of compulsory blood draws from an inmate does not violate the Constitution on its face in all applications. Plaintiff must comply with the prior express directives of this Court to properly commence this action. If he fails to do so, the action simply will be dismissed, regardless of whether or not his underlying claims otherwise potentially might have merit in a properly-commenced action.

---

[1] See Nos. 2:12-cv-00625-MMD-NJK (habeas petition); 2:12-cv-00838-APG-NJK (same); 2:12-cv-00987-JCM-CWH (same); 2:11-cv-00883-GMN-PAL, #110 (attempted "interested party" in another inmate's civil rights action); 2:12-cv-01495-GMN-PAL (pending motion to appear as an "interested party" in another inmate's civil rights action); 2:13-cv-00654-JCM-GWF (attempt to directly appeal denial of a petition for a writ of mandamus in the state supreme court).

[2] See No. 2:12-cv-00625-MMD-NJK, #4 (both required financial attachments attached to application).

The Court will give plaintiff one – last – opportunity to present a properly-completed pauper application with all required attachments. If he again fails to present a properly-completed pauper application, the action will be dismissed without further advance notice.

### *TRO Motion*

In the prior order, the Court similarly clearly stated: "A motion for a TRO further must comply with Rule 65(b)(1)." #6, at 4. In the present TRO motion, plaintiff apparently acknowledges the Court's statement, but he thereupon proceeds to discuss the application of Rule 65*(d)*(1). See #7, at 3, lines 14-15. Subparagraph (d)(1) of Rule 65 pertains to the requirements that the *Court* must comply with *if* it issues a TRO. Subparagraph (b)(1) pertains instead to the requirements that the *plaintiff* must comply with in moving for a TRO. Plaintiff did not comply with those requirements in the present motion.

The motion therefore will be denied without prejudice.

### *Final Admonition*

Plaintiff's allegation that he is being subjected to blood draws by prison officials over his objection does not eliminate the requirements either for properly commencing a prisoner civil rights action or for seeking a temporary restraining order. Similarly, his allegations that prison officials did not, for example, "red-tag" his cell with police tape does not necessarily compel the inference that the underlying alleged incident upon which the blood draws are based did not in fact occur. If plaintiff continues to disregard what the Court is telling him that he must do, the action simply will be dismissed without further advance notice, with all then-pending motions being denied.

**IT THEREFORE IS ORDERED** that plaintiff's second application (#8) to proceed *in forma pauperis* and his motion (#7) for a temporary restraining order both are **DENIED** without prejudice.

**IT FURTHER IS ORDERED** that plaintiff shall have **thirty (30) days** from entry of this order within which to mail to the Clerk of Court for filing a new and properly-completed application to proceed *in forma pauperis* with all required, and new, financial attachments, *i.e.*, (a) a financial certificate on the required form properly completed and executed by an

1  authorized institutional officer; and (b) a current statement of the plaintiff's inmate trust
2  account for the prior six months.
3        **If plaintiff does not timely submit a new pauper application and/or if the new**
4  **application is not properly completed in all respects, this action will again be**
5  **dismissed without further advance notice.  This is the last warning that plaintiff will**
6  **receive prior to entry of final judgment dismissing this action.**
7        The Clerk shall SEND plaintiff a copy of the pauper form and instructions.
8        DATED this 16th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge