# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CODY LEAVITT,

    *Plaintiff*,

vs.

HAROLD WICKHAM, *et al.*,

    *Defendants*.

2:13-cv-00490-GMN-CWH

ORDER

    This prison civil rights matter comes before the Court following upon plaintiff's filing of a notice of appeal (#14). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that the appeal is not taken in good faith, because the appeal challenging the prior judgment was constructively filed after plaintiff filed a Rule 59 motion and before that motion was ruled upon, rendering the notice of appeal a nullity.

    On April 2, 2013, the Court entered an order and judgment (## 2 & 3) dismissing the improperly commenced action without prejudice, noting no adverse statute of limitations consequences from the dismissal. Plaintiff constructively filed (*i.e.*, mailed for filing) an emergency motion to reopen the matter on April 8, 2013. In an April 23, 2013, order (#6) the Court granted petitioner's emergency motion to reopen the case, vacated the judgment of dismissal, and reopened the matter.

    The notice of appeal (#14) is dated April 22, 2013, and thus presumptively was constructively filed on that date. As of April 22, 2013, plaintiff had filed a Rule 59 motion which then still was pending on the district court's docket. Plaintiff apparently sent the notice first to the Clerk of Court for the Court of Appeals, who forwarded the notice to this Court's Clerk. Plaintiff sought in the notice of appeal to appeal the since-vacated April 2, 2013, dismissal.

    With deference to the final authority of the Court of Appeals in matters relating to its own jurisdiction, the notice of appeal would appear to be a nullity because it was

constructively filed while a timely Rule 59 motion was pending.  *See,e.g., Munden v. Ultra-Alaska Assoc.*, 849 F.2d 383, 386 (9th Cir. 1988); *see generally* 11 C. Wright, A. Miller, M. Kane, et al., *Federal Practice & Procedure: Civil* § 2821, at n. 1 (2013).  Plaintiff's motion (#11) to clarify the notice of appeal does not assert any specific request for relief that would lead to a contrary conclusion.  In all events, the dismissal has been vacated on a timely Rule 59 motion that was filed prior to the appeal, and all other requests for relief would appear to present interlocutory matters that are not subject to appeal without entry of a final judgment.  It thus would appear that the appeal would be dismissed in the case of a non-indigent litigant.

**IT IS THEREFORE ORDERED**, pursuant to 28 U.S.C. § 1915(a)(3), that the Court certifies to the Court of Appeals that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED**, so that the certification herein shall be clearly marked on the docket for review by the Court of Appeals, that the Clerk of this Court shall docket this order on the docket sheet as an order that certifies to the Court of Appeals that the appeal is not taken in good faith and shall forward same to the Ninth Circuit in a manner consistent with the Clerk's current practice, in connection with No. 13-15938 in the Court of Appeals.

**DATED** this 21st day of May, 2013.

_____
Gloria M. Navarro
United States District Judge